UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

WANDA S. BRYCE,

                             Plaintiff,

            v.

THE UNITED STATES CITIZEN AND
IMMIGRATION SERVICES, L. GREGG, USCIS
OFFICER

                            Defendants.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
23-CV-1196 (LDH)

---

LaSHANN DeARCY HALL, United States District Judge:

      Plaintiff Wanda S. Bryce brings this complaint for writ of mandamus, along with an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). For the reasons discussed below, Plaintiff's application to proceed IFP is denied. However, Plaintiff is granted 14 days leave from the entry of this Order to either file a Long Form IFP application to proceed without prepayment of fees or to pay the $402 filing fee in order to proceed with this action.

## BACKGROUND

      The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system. *Davis v. NYC Dept. of Educ.*, No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing *Gregory v. NYC Health & Hospitals Corp.*, No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)); *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). A plaintiff seeking to proceed IFP must submit an affidavit stating, "that the person is unable to pay" filing fees "or give security therefor" and must also include "a statement of all assets" the person possesses. 28 U.S.C. § 1915(a)(1). Section 1915 authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Courts in this district often dismiss actions where a litigant's statement of assets fails to establish

the level of poverty required under the IFP statute. *See, e.g., Miller v. Smith*, No. 21-CV-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021); *Humphrey v. U.S. Army Corps of Engineers*, No. 21-CV-1901, 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. *Grimes v. Sil*, No. 19-CV-1066, 2019 WL 981639, at *1 (E.D.N.Y. Feb. 27, 2019).

Here, Plaintiff indicates that she is presently employed and earns $1,568.00 bi-weekly in take-home pay or wages. (Decl. ¶ 2.) Plaintiff also states that she has $900.00 in a checking or savings account. (Decl. ¶ 4.) Plaintiff states that she provides $3,000.00 in monthly financial support to her mother but does not list any other monthly expenses such as housing, transportation, utilities, or other regular expenses. (Decl. ¶¶ 5-7.) Based on Plaintiff's financial declaration form, the Court is not satisfied that Plaintiff is unable to pay the filing fee to bring this action.

## CONCLUSION

Accordingly, Plaintiff's IFP application is denied. However, Plaintiff is granted 14 days leave from the entry of this Order to file a Long Form IFP application or to pay the $402 filing fee in order to proceed with this action. The Clerk of Court is directed to send a Long Form IFP application to Plaintiff along with this Order, and to note the mailing on the docket. All further proceedings shall be stayed. If Plaintiff fails to comply with this Order within the time allowed, the action shall be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York  
       December 13, 2023

/s/ LDH  
LASHANN DEARCY HALL  
United States District Judge